**Ravindar SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71060.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 13, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

TSZ–Hai Huang Fax, Zeena Batliwalla, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Mark L. Gross, Esq., Carl D. Wasserman, U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: GOODWIN, RYMER and FISHER, Circuit Judges.

## MEMORANDUM **

Ravindar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts the IJ's decision and also adds its own reasons, we review both decisions. *See Zhou v. Gonzales,* 437 F.3d 860, 864 (9th Cir.2006). We review for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition.

The IJ and BIA found that even assuming that Singh established past persecu-

tion, the Government rebutted the presumption of a well-founded fear of future persecution with evidence that Singh could relocate. The rebuttal evidence submitted by the Government indicates that the Sikh militant movement is no longer active in Punjab, that rank and file members of Sikh organizations are generally safe, and that Sikhs who have been targeted in Punjab likely could relocate without facing further harassment. Based on this evidence, and because Singh is young, well-educated, and spent two years living in a state outside of Punjab without incident, substantial evidence supports the IJ's and BIA's finding that Singh's ability to relocate rebuts the presumption of a well-founded fear of future persecution. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998–99 (9th Cir.2003).

Because petitioner did not establish that he was eligible for asylum, he necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence supports the denial of Singh's CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.